UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JUSTIN WHALEY, et al.                                                    PLAINTIFFS

v.                                    No. 5:18-CV-05123

JIMMY ESEBAG, et al.                                                    DEFENDANTS

## OPINION AND ORDER

Before the Court is Defendants' motion (Doc. 47) to dismiss or stay and brief (Doc. 48) in support.  Plaintiffs filed a response (Doc. 49) in opposition.  Defendants filed a reply (Doc. 53) with leave of Court.  The motion to dismiss will be granted.

This case arises out of a contract dispute and was originally filed in this Court on June 26, 2018.  Plaintiffs in this action are Justin Whaley, Rodney Redman, Ron Whaley, M. Sean Hatch, Michael Bahn, Jodie Daniels, and Tom Maddi.  The Court will refer to Plaintiffs collectively as the "Gyde individuals," after The Gyde Group, LLC, a company with which they are affiliated and that is connected with the disputed contract.  Defendants in this action are Jimmy Esebag and his wholly-owned company United Licensing Group, Inc.  The Court will refer to Defendants collectively as "Esebag."  Another case is proceeding in California.  *Esebag v. Whaley, et al.*, No. 2:18-CV-08446-JAK-RAO (C.D. Cal.) (the "California action").[1]  The California action was opened in federal court October 1, 2018, upon the removal of a case filed January 12, 2018, in the Superior Court of California, County of Los Angeles.  Esebag's motion argues that the case in this

---

[1] On February 12, 2019, a consolidation order was entered in the California action, in part to clean up some docket issues.  *Esebag v. Whaley*, 2:19-CV-00108-R-RAO, a December 12, 2018 California state case removed on January 7, 2019, was consolidated into 2:19-CV-08446.  A related, closed case also appears on the Central District of California's docket—*Esebag v. Whaley*, 2:18-CV-05004-R-RAO, which was a removal (or, at least, in which a removal-under-seal was attempted and rejected) on June 7, 2018, of the same January 12, 2018 California state case that proceeds in 2:19-CV-08446.

Court should be dismissed or stayed on the basis of the first-filed rule so that the parties may complete litigation of the California action.

In parallel cases of concurrent jurisdiction, the first court in which jurisdiction attaches has priority to hear the case. *Nw. Airlines, Inc. v. Am. Airlines, Inc.*, 989 F.2d 1002, 1007 (8th Cir. 1993). This "first-to-file" or "first-filed" rule is a facet of federal comity doctrine and is intended to promote efficient use of judicial resources. *Orthmann v. Apple River Campground, Inc.*, 765 F.2d 119, 121 (8th Cir. 1985). The first-filed rule is not applied in a "rigid, mechanical or inflexible" fashion, but rather "in a manner best serving the interests of justice." *U.S. Fire Ins. Co. v. Goodyear Tire & Rubber Co.*, 920 F.2d 487, 488 (8th Cir. 1990) (quoting *Orthmann*, 765 F.2d at 121). If compelling circumstances exist, the court which obtained jurisdiction later may decide the controversy. *Nw. Airlines, Inc.*, 989 F.2d at 1005. "A party may demonstrate compelling circumstances by showing that the first action was filed in bad faith, that in the first-filed action the plaintiff raced to the courthouse to avoid litigating in another forum, or that the second action has developed further than the first." *Nw. Airlines, Inc. v. Am. Airlines, Inc.*, 792 F.Supp. 655, 658 (D. Minn. 1992) (citations omitted), *aff'd*, 989 F.2d 1002 (8th Cir. 1993); *accord Boatmen's First Nat'l Bank of Kan. City v. Kan. Pub. Emps. Ret. Sys.*, 57 F.3d 638, 641 n.7 (8th Cir. 1995) ("We commend the district court's order in *Northwest Airlines*, 792 F.Supp. 655, as an excellent example of the type of inquiry, analysis, and articulation of reasoning necessary for appellate review in cases such as this.").

With all of the various consolidations that have occurred and claims and counterclaims that are pending in the California action, there is at least substantial overlap in the identity of the parties and the substance of the claims in the California action and this case, and the actions are sufficiently parallel for application of the first-filed rule. *Ritchie Cap. Mgmt., L.L.C. v. BMO*

*Harris Bank, N.A.*, 868 F.3d 661, 664 (8th Cir. 2017) (explaining only substantial overlap is necessary to apply abstention doctrines when parallel cases are pending in federal courts).

Subject matter jurisdiction attached in this Court when the case was filed on June 26, 2018. Subject matter jurisdiction attached in the California action when the case was filed in the Superior Court of California, County of Los Angeles, on January 12, 2018.[2] *See Wakaya Perfection, LLC v. Youngevity Int'l, Inc.*, 910 F.3d 1118, 1125 (10th Cir. 2018) (using filing date of state court action in removed cases when applying first-filed rule to prevent gamesmanship) (citing *Kohn Law Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015)). The California action is the first-filed case, so in the absence of compelling circumstances, this Court should yield to the Central District of California.

The circumstances in this case are not sufficiently compelling to avoid application of the first-filed rule. There is no question that Esebag has engaged in acts of bad faith in connection with litigating the California action. Esebag initially obtained service on some of the Gyde individuals in the California action through deception. Esebag did not disclose to those parties that he had filed a lawsuit against them, and lulled them into traveling to California on the pretext of settling their dispute, only to have them personally served with process. There is no evidence before this Court to indicate that Esebag's claims in the California action are intended for an improper purpose or are frivolous,[3] however, and California is a reasonable venue to litigate—

---

[2] The Gyde individuals make a complex procedural argument to mischaracterize the case in this Court as the first-filed action, arguing that the California action was initiated in a separate, later-filed California state case. The notice of removal and the consent to removal that placed the California action in federal court expressly removed the January 12, 2018 case from the Superior Court of California, County of Los Angeles. This Court has no authority to say whether an order filed in one case administratively closed in the Central District of California actually operates as a final order in another that is currently pending.

[3] The Gyde individuals claim Esebag procured the disputed contract by fraud, and if that is so, then the California action could indeed be described as initiated in bad faith. It is not clear

Esebag is a California citizen and the contract includes a choice of law provision selecting California law as controlling. Disingenuous tactics of parties or counsel notwithstanding, the Court cannot find that Esebag filed the California action itself in bad faith.

Nor can the Court characterize the California action as having arisen out of a race to the courthouse or an attempt to deprive the Gyde individuals of their chosen jurisdiction as Plaintiffs in this case. Esebag hid the existence of the California action to obtain service on the Gyde individuals, and Esebag had previously threatened the Gyde individuals with litigation. There is no evidence, however, that the Gyde individuals had threatened Esebag with imminent litigation before he filed the California action. Furthermore, Esebag began the California action as a breach of contract action for damages, rather than as a declaratory judgment action seeking to avoid claims by the Gyde individuals that Esebag was in breach. Finally, none of the circumstances surrounding the contract suggests that the parties believed Arkansas would be the primary venue in which disputes were to be resolved. Esebag may have been more eager than the Gyde individuals to litigate their disagreement, but that is not the sort of race to the courthouse that weighs against application of the first-filed rule.

Finally, in no sense has this case developed further than the California action. Initially, this Court incorrectly ruled that it could not exercise personal jurisdiction over Esebag. The Gyde individuals prevailed on their appeal, and the matter was remanded. A scheduling order was then entered, an attorney was withdrawn, and additional pleadings were filed. Five months later, the instant motion was filed. Meanwhile, during the pendency of the appeal in this case, the parties continued to litigate the California action. Discovery has been exchanged in the California action

---

from the face of the complaint in the California action or from any order entered in it that Esebag filed it in bad faith, however, and the Court conceives of no basis to engage in any further analysis of the merits as part of a first-filed rule analysis.

and various merits and evidentiary motions are awaiting a ruling in that court. A motion has also been filed to set a trial date as soon as practicable for the California action, and a hearing on that motion is noticed for November 30, 2020. Conversely, no discovery appears to have taken place in this case. Though the Gyde individuals recently secured an email agreement from Esebag that expert disclosures from the California action could be used in this case, and the parties have discussed whether they should also use other discovery from the California action in this, since remand the parties have operated as if the California action, which was clearly more developed at that time, would be resolved before any important deadlines passed in this case.

The Gyde individuals essentially argue that because this case is set for trial in December of this year (approximately two weeks after the hearing noticed in the California action), and because discovery *could* be shared between these parallel actions, the interests of justice suggest this case should be treated as if it had developed further than the California action so that trial can be accomplished as soon as possible.[4] The Gyde individuals would have a stronger point if the COVID-19 pandemic that has delayed trial in the California action were not also affecting this Court. Were this case to continue in this forum, it is very unlikely that it would be tried as scheduled. Other cases are likely to take priority when the Court can resume trials. Several civil actions older than this one have advanced past discovery and dispositive motions, and are ready for trial. Additionally, pending criminal matters delayed by the pandemic must be tried as soon as practicable. And the pandemic shows no signs of relenting in this district. It is possible that the

---

[4] The Gyde individuals' rhetorical interjection that "[t]hree years of litigation is enough" (Doc. 49, p. 3) falls flat. They have neither responded to Esebag's motion in the California action to set the matter for trial, nor joined in it. They have not made any formal request to this Court to skip the filing of dispositive motions or to accept all discovery from the California litigation. They have instead chosen to oppose the instant motion, increasing the ancillary litigation occurring in their dispute with Esebag rather than shepherding it to trial.

trial continuances imposed by this Court's various administrative orders will be extended again. Though several matters scheduled before the pandemic remain set for trial, the flexibility that the pandemic response requires leaves those settings much less firm than this Court has treated them in the past.  In short, this case has not developed further than the California action, and acting as if it had will not serve judicial economy or speedy resolution of the dispute.

In the absence of any compelling circumstances to disregard the first-filed rule, the Gyde individuals argue that Esebag has waived application of that rule.  No affirmative waiver has been submitted for the Court to review, and to the extent that an implied waiver or some other equitable principle like laches or estoppel could even apply to a judicial doctrine of comity, it would not apply in this case.  Esebag raised the issue of abstention on the basis of the California action as an alternative basis for dismissal in his initial motion to dismiss in August of 2018.  Neither this Court nor the Court of Appeals for the Eighth Circuit reached that alternative argument.  Since remand, the parties have litigated the California action and have essentially ignored this one.  The Court sees no equitable reason to favor the Gyde individuals for inaction shared by all parties to this case.

The first-filed rule applies.  Esebag asks for a dismissal or a stay.  Because of the identity of parties and claims, resolution of the California action would resolve all issues here, so there is no good reason to stay this action.  (Nor is there any reason to transfer this case and saddle the Central District of California with yet more work consolidating and organizing its docket.)  The case will be dismissed.

IT IS THEREFORE ORDERED that the motion to dismiss (Doc. 47) is GRANTED, and this case is DISMISSED WITHOUT PREJUDICE in favor of the parties' action currently proceeding in the United States District Court for the Central District of California.  Judgment will be entered separately.

IT IS SO ORDERED this 28th day of August, 2020.

*/s/ P. K. Holmes, III*

P.K. HOLMES, III
U.S. DISTRICT JUDGE